Bradbury, J.
First — As to the tax sale. The state or its grantee is not es-topped by the tax sale. The auditor’s tax deed did not attempt to convey any title the state of Ohio had to this land, but simply whatever title the person had to whom the same was charged for taxes, and the doctrine of caveat emptor applies to the purchaser at tax sale, his heirs and assigns in this case. The person to whom the land was charged on the tax duplicate had no title, and none could be conveyed by the auditor. The land was not subject to taxation as the property of the United States.
*94 Second — As to the statute of limitations. The statute of limitations does not run as against the United States, or the state. The statute of limitations, however, does apply to the plaintiff, and began to run against it on the third day of April, 1873; but such statute has no application to this case, as it will not be a bar till twenty-one years after April 3, 1873.
Third — The land in question was not subject to location upon a Virginia State Line warrant, and the surveyor in making the survey was a trespasser, without any authority whatever. His act in making the entry and survey was utterly illegal, null and void, and the warrant, entry and survey conferred no title whatever on the owner of the entry and survey.
Fourth — The proviso of the act of March 2,1807, has no application whatever to a case of this kind. It could not protect a survey utterly void, and by ttíat proviso Congress did not intend to clothe the occupant or owner of the survey with any title against the United States or its grantee, but only gave the first locator a pre-emption or right to a new and valid location as against any subsequent locator, as stated by Judge Ranney in Price v. Johnson, 1 Ohio St., on page 397. This right ceased when the district was closed against location, and was of no effect as against the United States, or its grantee.
Fifth — The legal title to this land was in the United States on February 18, 1871, and by the act of that date by the Congress of the United States, ceding lands in Virginia Military District in the state of Ohio, was ceded to the state of Ohio.
The legal effect of the act of February 18, 1871, was on the part of the United States to convey to the state of Ohio all the title it had, or could convey, to all lands in the Virginia Military District in the state of Ohio, and the tract in controversy was by this act ceded to the state of Ohio. The only right the defendant in error has, if any, in the land, is that of a bona fide settler, as stated in the act of February, 1871, and he will have the right to pre-empt under that act and under the act of April 3, 1873, of the legislature, if he is in a condition to bring himself within the terms of such pre-emption.
Sixth — The claim that plaintiff could not maintain the suit because it had not caused the land in question to be surveyed, *95 numbered, appraised and reported to the Land Department of Ohio, as required by the fourth section of the act of April 3. 1873, is untenable.
N. W. Evans & Duncan Livingstone, of Portsmouth, for plaintiff in error.
J. M. Wells & T. J. Mullen, of West Union, for defendants.
These duties imposed on the plaintiff by law are not conditions precedent to the vesting of the title in the plaintiff by the state, and do not affect the title of plantiff, or its right to recover herein.
Judgment reversed, and cause remanded to the court of common pleas for a new trial.